IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 25-31847 |
| | § | |
| KELLI DIANN AUSTIN, | § | Chapter 13 |
| SSN: xxx-xx-2440 | § | |
| | § | |
| Debtor. | § | |

## EMERGENCY AMENDED MOTION TO DISMISS WITH PREJUDICE

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**

GLD Sponsor Member, LLC ("GLD" or "Creditor") files this Emergency Amended Motion to Dismiss Kelli D. Austin's ("Debtor") Chapter 13 Bankruptcy for Cause ("Motion") under Sections 105, 1307, and 349(a) of the Bankruptcy Code. In support of the Motion, Creditor respectfully represents as follows:

**Preliminary Statement**

Creditor GLD requests the Court dismiss Debtor's Chapter 13 bankruptcy that was done for the sole purpose of delaying the sale of her non-exempt property through a writ of execution. Ms. Austin failed to provide the plan and Schedules required upon filing. Further, it appears that

80966172;2

Ms. Austin forged an attorney's signature on the application that was filed with the Court. Creditor respectfully requests that the Court dismiss the Case with prejudice and impose a 180-day bar against refiling to prevent further misuse of the bankruptcy process. GLD requests emergency relief and an expedited consideration of this Motion so that GLD and the Chambers County Constable can have sufficient time to proceed with the sale of Debtor's non-exempt property on June 3, 2025.

## Factual Background

On October 24, 2023, GLD obtained a judgement against Ms. Austin in the Supreme Court of the State of New York in the amount of $443,319.73 (the "Judgment").[1] On November 30, 2023, the Judgment was domesticated in Texas, which is where, on information and belief, Ms. Austin resides. Post-judgment discovery is ongoing in the following lawsuit in Texas: *GLD Sponsor Member, LLC v. BN Holding Trust and Kelli D. Austin*, Cause No. 23-DCV-0959, 344th Judicial District Court, Chambers County, Texas.

Shortly after GLD domesticated the Judgment in Texas, GLD commenced collection efforts against Ms. Austin. Ms. Austin's participation in the Texas Lawsuit has been sparse, but not without any involvement. On multiple occasions she appeared in Chambers County District Court. To date, she has been sanctioned by the court three times due to her disregard of court orders. First, on June 3, 2024, the court sanctioned Ms. Austin for failing to appear for her deposition and issued a monetary fine.[2] Second, on October 28, 2024, the court issued further monetary sanctions for failing to answer questions during her deposition and respond to discovery.[3] Third, on February 18, 2025, the court issued further monetary sanctions for Ms.

---

[1] A true and correct copy of the Judgment is attached as Exhibit A.
[2] A true and correct copy of the June 3, 2024 First Sanctions Order is attached as Exhibit B.
[3] A true and correct copy of the October 28, 2024 Second Sanctions Order is attached as Exhibit C.

Austin's failure to appear for her deposition and respond to discovery.[4] In connection with the February 18, 2025 Order, the court also held Ms. Austin in contempt of court and issued a bench warrant for her to be incarcerated at the Chambers County Jail for 30 days.

As part of GLD's collection efforts, GLD sought and obtained a writ of execution through Chambers County so that Ms. Austin's non-exempt property could be sold to satisfy the Judgment. Ms. Austin owns real property at 3321 Bridgette Lane, Mont Belvieu, TX, 77523. The 3321 Bridgette property is not listed as Ms. Austin's homestead, meaning that it was non-exempt property that could be sold by the Constable in connection with the writ of execution.

Ms. Austin's property at 3321 Bridgette Lane was scheduled to be sold at the Chambers County District Courthouse in Anahuac, Texas on April 1, 2025. That morning, minutes before the sale, Ms. Austin filed for a Chapter 13 Bankruptcy preventing the sale. Constable Butch Bean also received a text from an unknown number informing the Constable that the bankruptcy was filed and that the sale of 3321 Bridgette Lane could not proceed.

Upon review of Ms. Austin's Chapter 13 Bankruptcy filing, it has come to GLD's attention that Ms. Austin forged an attorney's signature on the application that was filed with the Court. *See* Dkt No. 1. Ms. Austin's Petition states that she is represented by attorney Patrick Morris:

> **For your attorney, if you are represented by one**
>
> **If you are not represented by an attorney, you do not need to file this page.**
>
> I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.
>
> ✗ /s/ Patrick Morris           Date  4 / 1 / 2025
> Signature of Attorney for Debtor          MM / DD / YYYY
>
> Patrick R. Morris
> Printed name
>
> Morris Legal Corp
> Firm name
>
> 305 Broadway Suite 777
> Number   Street
>
> New York                    NY
> City                State     ZIP Code

---

[4] A true and correct copy of the February 18, 2025 Third Sanctions Order is attached as Exhibit D.

However, upon contacting Mr. Morris, he disclaimed that he had any role in Ms. Austin's bankruptcy and was not representing her. *See* Exhibit E, email from Patrick Morris of Morris Legal Corp. Accordingly, Ms. Austin's bankruptcy petition, on its fact, contains a material misrepresentation to the Court.

Moreover, in connection with her most recent Chapter 13 Bankruptcy filing, Ms. Austin failed to provide the plan and Schedules required by Federal Rule Bankruptcy Procedure 1007(c) and . Despite having reviewed other debts to which Ms. Austin owes recently (in connection with the sale of 3321 Bridgette), GLD is the only creditor Ms. Austin has disclosed thus far. Dkt No. 4. On April 4, 2025, the Court issued an Order of Possible Future Dismissal to Ms. Austin for failure to provide her Schedules. Dkt. No. 10. To date, she still has not filed the required Schedules.

Ms. Austin has previously filed seven bankruptcies. Five of the bankruptcies were dismissed for failure to meaningfully engage in the Bankruptcy process by failing to comply with deficiency orders and provided the required Schedules. In sum, Ms. Austin has a history of utilizing the Bankruptcy process for means of temporary convenience, not to actually settle or resolve her claims with her creditors.

**Factual Basis Supporting Emergency Relief and Emergency Hearing[5]**

Further, GLD is requesting an emergency hearing on its Motion to Dismiss so that GLD will have adequate time to fulfill the statutory requirements to sell Debtor's non-exempt property through a writ of execution. In order to sell Debtor's non-exempt property, GLD must obtain a new writ of execution from the Chambers County District Clerks office. Tex. R. Civ. P. 621. The writ of execution for the planned sale on April 1, 2025 has expired. After the new writ of execution is obtained, a judicial officer must serve the new writ of execution. So far in the State Court

---

[5] *See* Declaration of Samuel T. Scott Jr., which is attached hereto.

litigation in Chambers County, Debtor has been difficult to serve at times. Ms. Austin refused to be served with the last writ of execution at her residence and instead was not served until she eventually met with the Chambers County Constable at his office.

Once a new writ of execution is served, the constable will levy the writ and locate non-exempt property. After the writ of execution is obtained, the Constable can only sell the Debtor's non-exempt property on the first Tuesday of the month. Under Texas Rule of Civil Procedure 647, a notice of the sale of any real property must be advertised for three consecutive weeks a newspaper published in Chambers County. The first advertisement must be published not less than twenty days immediately preceding the day of the sale. *Id*. Further, the Constable must give Debtor written notice of the sale in a manner that substantially conforms with the requirements of Texas Rule of Civil Procedure 647. *Id*.

Technically, May 6, 2025 is the next date that the Debtor's non-exempt property could be sold. Notwithstanding, GLD cannot satisfy the above-referenced requirements for a May 6, 2025 sale.

Considering the above procedural requirements for selling the Debtor's non-exempt property, if the Court grants the relief sought herein, the next date that the Chambers County Constable can sell Debtor's non-exempt property is June 3, 2025. Tex. R. Civ. P. 646a.

If the Debtor is permitted the full amount of time to respond to the Motion to Dismiss (21 days), there will be an insufficient amount of time for GLD and Chambers County to complete the necessary requirements to proceed with a June 3, 2025 sale date.

## Argument

I.   **Dismissal with Prejudice under 11 U.S.C. § 105 and § 1307 (c).**

Section 3017(c) of the Bankruptcy Code provides:

> Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—
>
> **(1)** unreasonable delay by the debtor that is prejudicial to creditors.
>
> **(2)** nonpayment of any fees and charges required under chapter 123 of title 28
>
> **(3)** failure to file a plan timely under section 1321 of this title
>
> **(4)** failure to commence making timely payments under section 1326 of this title
>
> **(5)** denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;

11 U.S.C. § 1307(c)(3).

> Section 105(a) of the Bankruptcy Code provides:
>
> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

To date, Ms. Austin has failed to file a plan and comply with Court's April 4, 2025 Order. Dkt. No. 10. In the event that she fails to comply, her bankruptcy should be dismissed with prejudice under Section 1307(c).

As her lengthy history of dismissed bankruptcies suggests, it appears likely that Ms. Austin filed her petition simply to evade the scheduled sale of her property. Although it is obvious that she has additional creditors at least some of whom should be known to her, Ms. Austin listed only GLD, the Constable selling the property and the state court which sanctioned her as creditors on her initial list of creditors. Her choice to include two non-creditors (the Constable and the state

court) and GLD demonstrates that her only goal was to evade the foreclosure sale and her discovery obligations. She appears to have no real intent to be rehabilitated through Chapter 13. Had she had any such intent she would have at a bare minimum identified some other creditor.

Furthermore, GLD advises the Court and places it on notice of attorney Patrick Morris's signature. In attempt to confer with Mr. Morris, as purported counsel for Ms. Austin, GLD learned that Mr. Morris was *not* representing her in the bankruptcy. See Ex. E. To the extent that Ms. Austin forged Mr. Morris's signature on her Petition, such an act would be an egregious misrepresentation to the Court. To the extent that Ms. Austin's conduct was in fact in bad faith, the Court should further exercise its authority under Section 105 due to Ms. Austin's abuse of the Bankruptcy process.

## II.   Dismissal with Prejudice is Warranted to Prevent Further Abuse

If cause exists to dismiss a Chapter 13 case, bankruptcy courts have discretion to bar refiling via a dismissal with prejudice. Section 349(a) provides that, when "cause" exists, bankruptcy courts may dismiss with prejudice and bar the fling of subsequent bankruptcies. *In re Parson*, 632 B.R. 613 (Bankr. N.D. Tex. 2021) Although Section 109(g) sets a time period of 180 days for dismissal of an individual, the discretion under Section 349(a) is not limited by the 180-day period. Thus, when a bankruptcy court establishes cause for dismissal, it can further sanction the debtor by dismissing the debtor from refiling for a longer period. *Id*. The length of time for which the debtor is barred from refiling is committed to the discretion of the bankruptcy court.

Here, Ms. Austin's vexatious conduct and misrepresentation to the Court, along with her lack of intent to reorganize her affairs, warrants dismissal with prejudice, accompanied by a 180-day bar on Ms. Austin from refiling a bankruptcy case. This will allow GLD to promptly sell Ms. Austin's non-exempt real property and so that GLD can collect on its judgement against Ms.

Austin.

## Conclusion

For these reasons, Creditor respectfully requests (1) that a hearing is set on the Motion to Dismiss at the Court's earliest convenience, (2) that the Court dismiss the Case with prejudice, (3) impose a 180-day bar against refiling to prevent further misuse of the bankruptcy process, and (4) grant any related relief Creditor may be entitled to.

Dated: April 15, 2025                                              Respectfully submitted,

**Akerman LLP**

By:     */s/ Michael D. Napoli*
          **Michael D. Napoli**
          State Bar No. 14803400
          michael.napoli@akerman.com
          **Samuel T. Scott Jr.**
          State Bar No. 24117031
          sam.scott@akerman.com
          2001 Ross Avenue, Suite 3600
          Dallas, Texas 75201
          Telephone:   (214) 720-4300
          Facsimile:    (214) 981-9339

*Counsel for GLD Sponsor Member, LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 15, 2025 a true and correct copy of the foregoing was served by the First Class Mail and/or the Court's Electronic Case Filing System to all parties of record, including:

*Debtor*
Kelli Diann Austin
3002 Royal Palm
Baytown, TX 77523

*Trustee*
Tiffany D Castro
1220 Augusta Dr., Ste 500
Houston, TX 77057

*U.S. Trustee*
Office of the U.S. Trustee
515 Rusk Ave., Ste 3516
Houston, TX 77002

                                                */s/ Michael D. Napoli*
                                                Michael D. Napoli