IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 25-31847 |
| | § | |
| KELLI DIANN AUSTIN, | § | Chapter 13 |
| SSN: xxx-xx-2440 | § | |
| | § | |
| Debtor. | § | |

**DECLARATION OF SAMUEL T. SCOTT JR.**

I, Samuel T. Scott Jr., pursuant to 28 U.S.C § 1746, hereby declare under penalty of perjury under the laws of the United States of America:

1. The matters stated herein are true and correct and are within my personal knowledge or are derived from information provided to me by other attorneys or employees of Akerman LLP ("Akerman") and, if called upon to testify as a witness, I could and would testify competently thereto.

2. This declaration is made in support of GLD Sponsor Member LLC's Emergency Amended Motion to Dismiss with Prejudice (the "Motion") concurrently filed by GLD Sponsor Member LLC ("GLD"), a creditor in the above-captioned bankruptcy case (the "Bankruptcy Case"). I give capitalized terms not defined in this declaration the same meanings given to the in the Motion.

3. I am an attorney at Akerman in its Dallas office located 2001 Ross Avenue, Suite 3600, Dallas, Texas 75201, and, as such, I am authorized to make this declaration on behalf of GLD. I am an attorney licensed to practice law in all of the Court of the State of Texas and in all of the United States District Courts of Texas.

4. On October 24, 2023 GLD obtained a judgment against Debtor in the Supreme Court of the State of New York in the amount of $443,319.73 (the "Judgment").

5. The Debtor commenced the Bankruptcy Case on April 1, 2025 (the "Petition Date") by filing a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

6. The same day that Debtor filed her Bankruptcy Case a foreclosure proceeding was scheduled to take place in Chambers County, Texas. As I waited for the foreclosure to begin, I received a message from my office, letting me know that Kelli Diann Austin filed a Chapter 13 bankruptcy.

7. GLD is requesting an emergency hearing on its Motion to Dismiss so that GLD will have adequate time to fulfill the statutory requirements to sell Debtor's non-exempt property through a writ of execution.

8. To sell Debtor's non-exempt property, GLD must obtain a new writ of execution from the Chambers County District Clerks office. Tex. R. Civ. P. 621. The writ of execution for the planned sale on April 1, 2025 has expired. After the new writ of execution is obtained, a judicial officer must serve the new writ of execution. So far in the State Court litigation in Chambers County, Debtor has been difficult to serve at times.

9. Ms. Austin refused to be served with the last writ of execution at her residence and instead was not served until she eventually met with the Chambers County Constable at his office.

10. Once a new writ of execution is served, the constable will levy the writ and locate non-exempt property.

11. After the writ of execution is obtained, the Constable can only sell the Debtor's non-exempt property on the first Tuesday of the month. Under Texas Rule of Civil Procedure 647, a notice of the sale of any real property must be advertised for three consecutive weeks a newspaper published in Chambers County. The first advertisement must be published not less than twenty days immediately preceding the day of the sale. *Id*.

12. Further, the Constable must give Debtor written notice of the sale in a manner that substantially conforms with the requirements of Texas Rule of Civil Procedure 647. *Id*.

13. Technically, May 6, 2025 is the next date that the Debtor's non-exempt property could be sold.

14. GLD cannot satisfy the above-referenced requirements for a May 6, 2025 sale.

15. Considering the above procedural requirements for selling the Debtor's non-exempt property, if the Court grants the relief sought herein, the next date that the Chambers County Constable can sell Debtor's non-exempt property is June 3, 2025. Tex. R. Civ. P. 646a.

16. If the Debtor is permitted the full amount of time to respond to the Motion to Dismiss (21 days), there will be an insufficient amount of time for GLD and Chambers County to complete the necessary requirements to proceed with a June 3, 2025 sale date.

Executed on April 15, 2025

By: ______________________________
Samuel T. Scott Jr.