IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 25-31847 |
| | § | |
| KELLI DIANN AUSTIN, | § | Chapter 13 |
| SSN: xxx-xx-2440 | § | |
| | § | |
| Debtor. | § | |

United States Courts
Southern District of Texas
F I L E D

APR 2 1 2025

Nathan Ochsner, Clerk of Court

## RESPONSE TO MOTION TO DISMISS WITH PREJUDICE

Comes now, Debtor Kelli Diann Austin and files her Response to GLD Sponsor Member, LLC ("GLD" or "Creditor") Motion to Dismiss Kelli D. Austin's ("Debtor") Chapter 13 Bankruptcy for Cause ("Motion") under Sections 105, 1307, and 349(a) of the Bankruptcy Code. In support of the Response, Debtor respectfully shows the following:

### Preliminary Statement

Creditor GLD requested the Court dismiss Debtor's Chapter 13 claiming the Bankruptcy was done solely to prevent the sale of her alleged non-exempt property. First, and foremost, that is absolutely false, like much of what GLD Sponsor Member, LLC and its purported owner, Daniel L. Gordon says. Debtor filed this bankruptcy because of the concentrated, relentless attack of the Akerman Law Firm and its client GLD Member Sponsor, LLC trying to collect on a disputed debt entirely created by Daniel L. Gordon's fraud and deceit and to protect Debtor's exempt homestead property. Further, the Debtor believes it is her obligation to inform the Court of Movant's prior bankruptcy fraud and deceit wherein Donald David of the Akerman Law Firm not only represented Gordon, David also submits a fabricated document to the Court on Gordon's behalf. Finally, the contempt order which is destroying Debtor's life was created by lies, deceit, and willful misrepresentation to the Court.

**Factual Background**

The debt to GLD Member Sponsor is from a personal guarantee Daniel L. Gordon tricked Debtor into signing and a lawsuit for which Debtor was never served. If the Bankruptcy Trustee finds merit to these assertions, Debtor will be happy to share all the information, but at this point does not want to waste the Court's time.

1. There is no exigency in this matter. Pretending otherwise is disingenuous and designed only to make the Court think badly of the Debtor. Bankruptcy Code Title 11, Section §109(g) sets the amount of times a individual can file Bankruptcy. Debtor has not discharged a debt in bankruptcy in over 26 years. The last time Debtor tried to Bankruptcy was to stop the sale of a family home and the case was not pursued. There has not been a filing in 8 years.

2. 3321 Bridgette Lane is Debtor's only solely owned residential property and on September 23, 2022 Debtor filed a homestead exemption form with Chambers County. Debtor was in Marrietta, Georgia caring for a friend with cancer for the months of September through December 30, 2022 and all of this was done by correspondence.

3. When the property taxes were paid for that year, Debtor had a homestead exemption so she believed that the exemption was valid.

4. The County Tax Assessor has said they mailed a form disallowing the exemption but it was returned to them. They gave Debtor a new form which she has submitted online as requested.

5. There is no immediate danger of Debtor somehow stripping Creditor of his legal rights to pursue, through the Court, whatever amounts the Court and the Code determine to be appropriate.

6. GLD Member Sponsor, LLC is allegedly owned by Daniel L. Gordon, according to

the invoices submitted by the Akerman Law Firm in the collection matter in New York (Exhibit 1). Client "Daniel Gordon."

7. Daniel L. Gordon pled guilty to embezzling $43,000,000 from his then employer Merrill Lynch and served 18 months in prison. Concurrently, Gordon signed a Consent and Undertaking, in the SEC Civil Action against him filed in the Honorable Sim Lake's Court, Case Number 2003-CV-05772, for which Judge Lake maintained all jurisdiction over SEC fraud and allegations (Exhibit 2). The SEC Action was filed in the Southern District of Texas despite Gordon being a resident of either New York, Connecticut, or California depending on what best suited his purposes, because Gordon was a named party and participant in the Enron Fraud.

8. After Gordon got out of Federal Prison System, he attempted to negotiate a reduction in alimony to his ex-wife. That was not successful and Gordon filed Bankruptcy in the Southern District of New York on October 19, 2009. His trustee was Angela G. Tese-Milner. On September 28, 2010, Tese-Milner filed a complaint seeking judgment denying Gordon's discharge pursuant to Section 727(a) of the Bankruptcy Code. On January 13, 2005, Bankruptcy Judge Robert E. Gerber issued a decision denying Gordon's discharge. The Judge found that the Trustee had proven her concealment claim against Gordon and that Gordon made material false oaths under Section 727(a)(4) on his bankruptcy schedules and statements. Gordon appealed the decision on February 22, 2015. On August 3, 2015, the District Court affirmed the Bankruptcy Court's decision. In the January 13, 2015 Decision after Trial, Judge Gerber stated, "But the Debtor made one decision after another to withhold disclosure of his financial dealings—including, most significantly, a $2 million transfer—and then made it worse by providing false excuses for the failure to disclose that helped destroy his credibility and, quite frankly, insulted the intelligence of the Court."

(Exhibit 3, page 2, unnumbered paragraph 2, final sentence.)  Donald David, of the Akerman Law Firm, was Gordon's attorney. Gordon is accused of trying to cover hiding a $2,000,000 payment he did not disclose by saying it was a loan to his own company. According to the Judge's decision, "At trial, and for the first time, Gordon introduced a schedule of these payments prepared by his attorney (the "Repayment Schedule.")  Donald David admits in testimony that someone from his office prepared the schedule without confirmation from the Debtor.  Debtor Austin believes this shows a willingness of the Akerman Law Firm to facilitate the lies of their client.

9. As part of the Bankruptcy, transcripts from Gordon's alimony hearings are submitted. Gordon submits forged documents purporting to be from Signature Bank signed by a person who no longer worked there.  Gordon's attorneys in the divorce matter withdraw from representing him at that time (Debtor is not alleging this to be the Akerman Law Firm, it was not).  Judge Cooper demands Gordon admit he forged the documents.  Gordon never answers the question (Exhibit 4).

10. Debtor Austin has tried unsuccessfully to hire competent bankruptcy counsel, but because of the complicated nature of the contempt order from Chambers County has been unable to do so.  On October 3, 2024, Madison Torry, then of the Akerman Law Firm, appeared at a Motion for Sanctions.  Debtor Austin found out about the hearing on her way to a blood draw because a client of hers called her and asked how she was because he saw on Twitter that there was a contempt hearing.  Austin turned and drove immediately to the hearing in Anahuac.  According to the document Austin downloaded, Torry requested that Austin be deposed that day, in Court, after the hearing.  Judge Hahn ruled against Austin's request for an *in camera* inspection, and the fact that Austin is a Whistleblower against Gordon to the SEC.  Austin and Torrey amicably agreed, on the record, to Austin being deposed.  Judge Hahn did not appear

to realize Austin was supposed to be deposed that day.  Austin met with Torry in the

lobby a. fter the hearing and agreed to call her the next business day.  Austin offered

to drive to Dallas to appear at Akerman's office to be deposed.  Torrey said that

wasn't necessary.  On the record, Austin agreed to be deposed if Donald David was

not involved. (Transcript of hearing attached as Exhibit 5).  Torry agreed on the record

it would only be herself, the Court Reporter, and Austin.  The next business day,

when Austin called Akerman to set the deposition, she was told Torry had been fired.

This exchange was the very last time Austin had any contact with the Akerman Law

Firm.  On the date of the last contempt hearing, Tonya Hunt, with Judge Hahn's

office, asked Austin, via email, what time she was going to be at the hearing.  Austin

has Vaccine Induced Thrombotic Thrombocytopenia and was at a doctor's

appointment.  She immediately replied to Ms. Hahn she knew nothing about the

hearing.  A friend of Austin's pulled the filing for her and sent proof Austin received

no service from Akerman.  Austin sent it to Hahn.  She heard no more from Hahn or

anyone else.  The next thing she knew was she received a copy of a bench warrant for

her arrest from someone who saw it on Twitter.  Austin was out of state at that time

due to her husband's ongoing health issues.

11. Austin attempted to hire 4 different law firms in Houston to represent her in the

contempt matter.  The amounts of the retainers were impossible for Austin to pay.

Each law firm took over a week and a half to get back to her, while leading her to

believe they were interested.  One law firm passed completely because it was over

their head.  The others wanted retainers in excess of $30,000, which were not draw

down retainers.  She did not file at the last minute to be deceptive.  She filed at the

time she did because she had no choice and it is a right under the Bankruptcy Code.

Austin is still actively trying to hire bankruptcy counsel.

Case 25-31847   Document 21   Filed in TXSB on 04/21/25   Page 6 of 8

12. Daniel L. Gordon has a personal income tax debt to the State of New York which is now in excess of $50,000,000. When counsel for Austin's companies told this to Donald David, of the Akerman Law Firm and that it was illegal for Akerman to attempt to collect money for Gordon when he owes the debt to the state, David told counsel that Daniel Gordon was not his client, which his invoice says otherwise. In addition, Donald David told Patrickis, Jonathan Frappier, and Antranig Garibian, all attorneys, that Austin would be wise not to mess with his client because he served time in the Federal Penitentiary in Leavenworth and it "wasn't club fed." Shortly thereafter, Austin received a telephone threat on her life referencing Gordon. Austin received a threat last week, although this time Gordon was not specifically mentioned. These threats have been reported to both law enforcement and the SEC.

**Conclusion**

For these reasons, Debtor respectfully requests the Court to overrule the Creditor's Motion and to grant the Debtor 30 days from the date of her original filing to submit her schedules and advice of payments.

Dated: April 21, 2025

Respectfully submitted,

**Kelli Diann Austin**

By:   */s/Kelli Diann Austin*
      Kelli Diann Austin, *pro se*
      Office Mailing address:
      3002 Royal Palm
      Baytown, Texas 77523
      832-292-2201
      kellidaustin@gmail.com

*Debtor, pro se*

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on April 21, 2025 a true and correct copy of the foregoing was served by the First Class Mail and/or the Court's Electronic Case Filing System to all parties of record, including:

*Trustee*
Tiffany D Castro
1220 Augusta Dr., Ste 500
Houston, TX 77057

*U.S. Trustee*
Office of the U.S. Trustee
515 Rusk Ave., Ste 3516
Houston, TX 77002

                                   */s/ Kelli Diann Austin*
                                   Kelli Diann Austin