IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 25-31847 |
| | § | |
| KELLI DIANN AUSTIN, | § | Chapter 13 |
| SSN: xxx-xx-2440 | § | |
| | § | |
| | § | |
| Debtor. | § | |

**SUPPLEMENT MOTION TO DISMISS WITH PREJUDICE**
[Related: ECF No. 12]

GLD Sponsor Member, LLC ("GLD" or "Creditor") files this Supplement Motion to Dismiss Kelli D. Austin's ("Debtor") Chapter 13 Bankruptcy for Cause ("Supplement") under Sections 105, 1307 and 349(a) of the Bankruptcy Code. In further support of the Motion to Dismiss, Creditor respectfully represents as follows:

### RELEVANT FACTS AND PROCEDURAL HISTORY

### Debtor's Previous Filings

1. On September 5, 1995, Debtor filed her *first* voluntary petition in the Western District of Texas, under case number 95-1299, and received a discharge 5 years later in 2000. Nos. 1 and 52.

2. On January 8, 2002, Debtor filed her *second* voluntary petition in the Southern District of Texas, under Chapter 13 of the Bankruptcy Code, and case number 2-30170. On November 25, 2003, Trustee moved to dismiss, and the Court granted Trustee Motion to Dismiss on October 21, 2003.

3. On April 3, 2012, Debtor filed her *third* voluntary petition in the Southern District of Texas, under Chapter 13 of the Bankruptcy Code, and case number 12-32597, which was automatically dismissed on April 19, 2012, for failure to cure deficiencies.

81347444;7

4. On April 1, 2014, Debtor filed her *fourth* voluntary petition in the Southern District of Texas, under Chapter 13 of the Bankruptcy Code, and case number 14-31872, which was automatically dismissed on April 22, 2014, for failure to cure deficiencies, but was formally closed June 3, 2014. See ECF Nos. 1,7, 14.

5. Shortly thereafter, on November 18, 2014, Debtor filed her *fifth* voluntary petition, in the Southern District of Texas, under Chapter 13 of the Bankruptcy Code, and case number 14-36382, which was automatically dismissed on December 5, 2014, for failure to cure deficiencies, but was formally closed March 3, 2015. See ECF Nos. 1,15,19.

6. Days after the Debtor's fifth dismissal, Debtor filed her *sixth* bankruptcy under Chapter 7, on January 7, 2015, in the Southern District of Texas under Case number, 15-30241, which was dismissed for abuse and with a **3-year bar to filing**.

## State Court Litigation

7. On October 24, 2023, GLD obtained a judgement against Ms. Austin in the Supreme Court of the State of New York in the amount of $443,319.73 (the "Judgment").

8. On November 30, 2023, the Judgment was domesticated in Texas, which is where, on information and belief, Ms. Austin resides. Post-judgment discovery is ongoing in the following lawsuit in Texas: GLD Sponsor Member, LLC v. BN Holding Trust and Kelli D. Austin, Cause No. 23-DCV-0959, 344th Judicial District Court, Chambers County, Texas.

9. To date, she has been sanctioned by the court three times due to her disregard of court orders. First, on June 3, 2024, the court sanctioned Ms. Austin for failing to appear for her deposition and issued a monetary fine.

10. Second, on October 28, 2024, the court issued further monetary sanctions for failing to answer questions during her deposition and respond to discovery. Third, on February 18, 2025,

the court issued further monetary sanctions for Ms. Austin's failure to appear for her deposition and respond to discovery. In connection with the February 18, 2025, Order, the court also held Ms. Austin in contempt of court and issued a bench warrant for her to be incarcerated at the Chambers County Jail for 30 days.

11. Ms. Austin's property at 3321 Bridgette Lane was scheduled to be sold at the Chambers County District Courthouse in Anahuac, Texas on April 1, 2025. That morning, minutes before the sale, Ms. Austin filed for a Chapter 13 Bankruptcy preventing the sale.

## Instant Bankruptcy

12. On April 1, 2025, Debtor filed the instant voluntary petition under Chapter 13 of the Bankruptcy Code (the "Petition Date"). ECF No. 1.

13. On April 1, 2025, Debtor filed her creditor list, listing 3 creditors. ECF No. 4.

14. On April 2, 2025, this Court issued Order: Possible Future Dismissal of Case. ECF No. 6. In relevant part, Debtor failed to file the below listed documents, and was required to file these documents no later than April 16, 2025.

   a. Form 106A/B, Schedule A/B (Property)
   b. Form 106C, Schedule C (The Property You Claim as Exempt)
   c. Form 106D, Schedule D (Creditors Who Have Claims Secured by Property)
   d. Form 106E/F, Schedule E/F (Creditors Who Have Unsecured Claims)
   e. Form 106G, Schedule G (Executory Contracts and Unexpired Leases)
   f. Form 106H, Schedule H (Your Codebtors) • Form 106I, Schedule I (Your Income)
   g. Form 106J, Schedule J (Your Expenses)
   h. Form 107, Statement of Financial Affairs for Individuals Filing for Bankruptcy
   i. Form 122A-1, B or C-1, as applicable to the chapter (Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income)
   j. Copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor(s) from any employer of the debtor(s).

15. On April 11, 2025, Creditor filed its Motion to Dismiss Kelli D. Austin's Chapter 13 Bankruptcy for Cause ("Motion"), which was amended April 15, 2025. ECF Nos. 11 and 12.

16. Pursuant to this Court's Initial Order Outlining Debtor's Initial Responsibility, Debtor's Plan, Schedules and the Statement of Financial Affairs became due April 16, 2025. ECF No. 7.

17. On April 21, 2025, this Court issued Order Extending time to file Statements and Plan, which extended the deadline by an additional 16 days; therefore, Debtor's Plan, Schedules, and the Statement of Financial Affairs became due May 1, 2025.

18. Debtor has failed to file a Plan, Schedules, Statements, or any documents in connection with this Court's Initial Order Outlining Debtor's Initial Responsibility.

19. The 341-Meeting of Creditors is scheduled to take place on May 14, 2025. ECF No. 14.

20. On April 21, 2025, Debtor filed her Response to Motion to Dismiss.

## ARGUMENT

21. Debtor's bad faith conduct warrants that her case be dismissed with prejudice. Section 1307(c) enumerates a non-exhaustive list of grounds in which a debtor's bankruptcy case can be dismissed. Although § 1307(c) does not specify bad-faith conduct as cause for conversion or dismissal, "[b]ankruptcy courts nevertheless routinely treat dismissal for...bad-faith conduct as implicitly authorized by the words for cause." *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 373 (2007). In addressing the role of bad faith, the Supreme Court stated that "a debtor who acts in bad faith prior to, or in the course of, filing a Chapter 13 petition by, for example, fraudulently concealing significant assets, thereby forfeits his right to obtain Chapter 13 relief." *Id*.

22. The Fifth Circuit also has held that "cause" can be a lack of good faith in the prosecution of the bankruptcy case. In fact, the *Little Creek* court said that "[e]very bankruptcy

statute since 1898 has incorporated literally, or by judicial interpretation, a standard of good faith for the commencement, prosecution, and confirmation of bankruptcy proceedings." *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1071-72 (5th Cir. 1986). In *Little Creek*, the Fifth Circuit advocates for a totality of the circumstances approach because a finding of a lack of good faith is typically "predicated on certain recurring but non-exclusive patterns, and they are based on a conglomerate of factors rather than any single datum." *Id.* A bankruptcy court reaches a finding of lack of good faith based "upon the bankruptcy court's on-the-spot evaluation of the debtor's financial condition, motives, and the local financial realities." 779 F.2d at 1072.

23. Courts have determined debtors had "bad faith" in Chapter 13 cases in the following circumstances: 1) the debtor has few or no unsecured creditors; 2) the debtor has previously filed for bankruptcy; 3) the debtor's pre-petition conduct was improper; 4) the debtor's petition allows him or her to evade court orders; 5) the debtor has few debts to non-moving creditors; 6) the petition was filed on the eve of foreclosure; 7) the foreclosed property was the sole or major asset of the debtor; 8) no possibility exists for reorganization; 9) the debtor's income is insufficient to operate; 10) there is no pressure from non-moving creditors; 11) reorganization essentially involves the resolution of a two-party dispute; and 12) the debtor filed solely to obtain an automatic stay." *In re Patricia Jean Powers*, 135 B.R. 980, 981 (Bankr. C.D. Cal. 1991) (*citing In re Grieshop*, 63 B.R. 657 (Bankr. N.D. Ind. 1986)); Courts also consider whether: 1) the petition contains deficiencies or inaccuracies meant to mislead the court; 2) payments are fundamentally fair in timing and amount; 3) debtor had an improper motive in seeking relief; and 4) under the "totality of the circumstances," the debtor has abused the provisions, purposes, and/or spirit of Chapter 13. *See In re Prud'Homme*, 161 B.R. 747, 749-50 (Bankr. E.D.N.Y. 1993); *In re Powers*, 135 B.R. at 992-93 (citations omitted); *In re Johnson*, 708 F.2d 865, 868 (2d Cir. 1983).

24. Nearly all of the indicia of bad faith described above are present in this case. Debtor filed her Chapter 13 petition minutes before the April 1, 2025 Constable's Sale. By Debtor's own admission, she filed this bankruptcy to avoid Creditor's collection efforts for the judgment it holds. *In re Davis*, 93 B.R. 501, 503 (Bankr. S.D. Tex. 1987) (reasoning that bankruptcy is not suitable as a litigation tactic, especially when the bankruptcy is essentially a two-party dispute between the debtor and a creditor); Response at p. 1.

25. Debtor has few unsecured creditors. Debtor listed only Creditor, the Constable selling the property and the state court which sanctioned her as creditors on her initial list of creditors. Debtor has unreasonably delayed her creditors by failing to make payments or present a Chapter 13 plan, as required under 11 U.S.C. § 1325(a)(6), 11 U.S.C. § 1322(a)(1), and this Court's orders. *See* ECF No. 10 and 7.

26. Debtor has demonstrated little regard to the Court and bankruptcy process. In violation of her duties under 521(a) and (b), this bankruptcy case has been on file for over a month, and Debtor has filed no schedules, despite obtaining an extension of time from Court. Debtor's possible forgery of Mr. Morris's signature on her Petition serves as an egregious misrepresentation to the Court, further evidencing Debtor's lack of respect to the Court and bankruptcy process.

27. Debtor's actions are comparable to those of the debtor in *In re Parson*, a case out of the United States District Court for the Northern District of Texas. 632 B.R. 613 (N.D.Tex. 2021). In that case, the court explain that the debtor displayed conduct both in her current and previous two cases that confirmed her lack of honest, earnest intent in proceeding successfully in Chapter 13. *Id*. *In Parson*, the debtor had a long history of previous bankruptcy filings, as is the case here. The debtor in *Parson* filed deficient schedules and failed to rectify missing documentation when requested. *Id* at 625. Debtor here has completely forgone her responsibility

to file schedules and required information under the Bankruptcy Code.

28. The *Parson* court, in dismissing the debtor's case for cause, explained that the debtor's previous cases informed a finding that the debtor should have known better; she should have been aware of the basic requirements of proceeding in bankruptcy. Thus, the court concluded that the debtor was intentionally misusing the Bankruptcy Code to stave off foreclosure. *Id*. In *Parson,* the Court found debtor's vexatious conduct in its case, previous cases, and her lack of honest intent to reorganize her affairs, necessitated the imposition of a three-year bar on the debtor from refiling a bankruptcy case. *Id*.

29. A similar outcome is warranted here. Debtor's six previous filing indicate that she is or should be aware of what is needed to be successful in bankruptcy and, as in *Parson*, her actions warrant dismissal with prejudice, accompanied by a 180-day bar from refiling a bankruptcy case. This will allow Creditor promptly sell Debtor's non-exempt real property so that Creditor can collect on its judgement against Debtor.

## CONCLUSION

Accordingly, dismissal with prejudice and imposition of a 180-day bar is not only warranted but necessary to preserve the integrity of the bankruptcy system and to prevent further abuse of process.

*[Remainder of page intentionally left blank]*

Dated: May 12, 2025

Respectfully submitted,

AKERMAN LLP

  /s/ *Michael D. Napoli*
Michael D. Napoli, SBN. 14803400
Laura M. Taveras, SBN. 24127243
Samuel T. Scott, Jr., SBN. 24117031
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 720-4300
Facsimile: (214) 981-9339
michael.napoli@akerman.com
laura.taveras@akerman.com
sam.scott@akerman.com

ATTORNEYS FOR GLD SPONSOR MEMBER LLC

**ATTORNEYS FOR CREDITOR GLD SPONSOR MEMBER, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on May 12 2025 a true and correct copy of the foregoing was served by the First Class Mail, FedEx overnight delivery, and/or the Court's Electronic Case Filing System to all parties of record, including:

*Debtor*
Kelli Diann Austin
3002 Royal Palm
Baytown, TX 77523

*Trustee*
Tiffany D Castro
1220 Augusta Dr., Ste 500
Houston, TX 77057

*U.S. Trustee*
Office of the U.S. Trustee
515 Rusk Ave., Ste 3516
Houston, TX 77002

  /s/ *Michael D. Napoli*
Michael D. Napoli

81347444;7

8